IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN KAY KRISTOPHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3102 |
| | § | |
| NANCY A. BERRYHILL,[1] | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the court[2] is Defendant's Motion to Dismiss (Doc. 13). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

## I.  Case Background

Plaintiff filed this action requesting judicial review regarding her claim for supplemental security income under Title XVI of the Social Security Act ("the Act").[3] On May 16, 2017, the Social Security Administration ("SSA") moved to dismiss Plaintiff's complaint, contending that Plaintiff failed to exhaust her

---

[1] Carolyn W. Colvin was the Commissioner of the Social Security Administration ("SSA") at the time that Plaintiff filed this case but no longer holds that position. Nancy A. Berryhill is Acting Commissioner of the SSA and, as such, is automatically substituted as Defendant. See Fed. R. Civ. P. 25(d).

[2] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Jan. 27, 2017.

[3] See Doc. 1, Pl.'s Compl.

administrative remedies.[4]

Plaintiff applied for supplemental security income on February 18, 2011, and it was denied in an initial determination dated August 18, 2011.[5] On January 26, 2015, Plaintiff applied for supplemental security income, which was approved on February 4, 2015.[6] Plaintiff received retirement insurance benefits on February 9, 2015, after applying on January 26, 2015.[7] Plaintiff received a Notice of Planned Action dated April 15, 2016, notifying her that as of April 1, 2016, her supplemental security income payments ceased due to the fact that she was placed in a public institution.[8] Plaintiff never filed an appeal and the Office of Disability Adjudication and Review has not received a request from Plaintiff.[9] Plaintiff filed this action on October 17, 2016.[10]

---

[4]    See Doc. 13, Def.'s Mot. to Dismiss p. 2.

[5]    See Doc. 13-1, Ex. A to Def.'s Mot. to Dismiss, Decl. of Cristina Prelle p. 2; Doc. 13-1, Ex. 1 to Def.'s Mot. to Dismiss, Pl.'s SSI Application Dated Feb. 28, 2011; Doc. 13-1, Ex. 2 to Def.'s Mot. to Dismiss, Pl.'s Not. of Disapproved Claim Dated Aug. 18, 2011.

[6]    See Doc. 13-1, Ex. A to Def.'s Mot. to Dismiss, Decl. of Cristina Prelle p. 3; Doc. 13-1, Ex. 3 to Def.'s Mot. to Dismiss, Pl.'s SSI Application Dated Jan. 26, 2015; Doc. 13-1, Ex. 4 to Def.'s Mot. to Dismiss, Not. of Award of SSI Dated Feb. 4, 2015.

[7]    See Doc. 13-1, Ex. A to Def.'s Mot. to Dismiss, Decl. of Cristina Prelle p. 3; Doc. 13-1, Ex. 5 to Def.'s Mot. to Dismiss, Pl.'s Ret. Ins. Benefit Application Dated Jan. 26, 2015; Doc. 13-1, Ex. 6 to Def.'s Mot. to Dismiss, Not. of Award of Ret. Ins. Benefits Dated Feb. 9, 2015.

[8]    See Doc. 13-1, Ex. A to Def.'s Mot. to Dismiss, Decl. of Cristina Prelle p. 3; Doc. 13-1, Ex. 7 to Def.'s Mot. to Dismiss, Not. of Planned Action.

[9]    See Doc. 13, Ex. A to Def.'s Mot. to Dismiss, Decl. of Cristina Prelle p. 3.

[10]    See id.; Doc. 1, Pl.'s Compl.

Federal courts have jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Final decision is defined in the regulations. 20 C.F.R. § 404.900(a). In order to exhaust administrative remedies, a plaintiff must go through the following administrative review process: (1) initial determination; (2) reconsideration; (3) hearing with an Administrative Law Judge; (4) review by the Appeals Council. 20 C.F.R. § 404.900(a). Once a plaintiff has exhausted these four steps, the Commissioner's decision is final and judicial review in federal district court may be sought for an unfavorable decision. 20 C.F.R. § 404.900(a)(5). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## II. Legal Standards

### A. Rule 12(b)(6)

The question in a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010). Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Here, Defendant submitted administrative records and an affidavit in support of their motion to dismiss. Therefore, the court will treat Defendant's motion as one for summary judgment.

**B.  Motion for Summary Judgment**

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (1992).  If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute.  Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)).

### III.  Analysis and Conclusion

Defendant's evidence demonstrates that Plaintiff filed this action after receiving the Notice of Planned Action form, without

filing a request for reconsideration. Therefore, Plaintiff has failed to exhaust her administrative remedies in this case and has not received a final decision from the Commissioner. The court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED.**

As Rule 12(d) requires the court to give the parties a reasonable opportunity to present relevant information when it considers matters outside the pleadings, Plaintiff may submit evidence, in the form of objections to this memorandum and recommendation, to raise a genuine issue of material fact that she exhausted her administrative remedies prior to filing suit.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of November, 2017.

_____
U.S. MAGISTRATE JUDGE

6